# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Assad Ali Mirza; and | ) | |
| All Others Similarly Situated | ) | |
| Plaintiffs, | ) | Civil Action |
| | ) | File No. |
| v. | ) | |
| | ) | |
| Andalib Business, Inc.; Archana Business, | ) | |
| Inc.; Arpana Business, Inc.; B & G Business, | ) | Jury Demanded |
| Inc.; Circle G Business, Inc.; Circleway | ) | |
| Business, Inc.; Davwa Properties, Inc.; First | ) | |
| Falcon Express, Inc.; First Briarforest | ) | |
| Business, Inc.; First Hempstead Business, | ) | |
| Inc.; Fishtail Enterprises, Inc.; G & C | ) | |
| Business, Inc.; Geo-Matrix Investments, | ) | |
| LLC; Muskan Enterprises, Inc.; Rampart | ) | |
| Investment, Inc.; Shiraz Beverage, Inc.; 1464 | ) | |
| Business, Inc.; Gyanshor Shrestha; Shiraz K. | ) | |
| Davwa; Asif K. Davwa; and Khawit N. Ali | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL CLASS COMPLAINT

NOW COME PLAINTIFFS, Assad Ali Mirza, and all others similarly situated, and complain of Defendants Andalib Business, Inc.; Archana Business, Inc.; Arpana Business, Inc.; B & G Business, Inc.; Circle G Business, Inc.; Circleway Business, Inc.; Davwa Properties, Inc.; First Falcon Express, Inc.; First Briarforest Business, Inc.; First Hempstead Business, Inc.; Fishtail Enterprises, Inc.; G & C Business, Inc.; Geo-Matrix Investments, LLC; Muskan Enterprises, Inc.; Rampart Investment, Inc.; Shiraz Beverage, Inc.; 1464 Business, Inc.; Gyanshor Shrestha; Shiraz K. Davwa; Asif K. Davwa; and Khawit N. Ali (collectively, "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

# I.
## INTRODUCTION

1.      This is a collective action suit seeking to recover unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.      This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Assad Ali Mirza ("Mr. Mirza" or "Plaintiff"), and to all others similarly situated, in the course of their employment with the Defendants.

# II.
## JURISDICTION AND VENUE

3.      Plaintiff, on behalf of himself and the plaintiff class, brings this action to recover unpaid overtime compensation from Defendants pursuant to the FLSA, a federal statute.

4.      The Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

5.      The Court has personal jurisdiction over the Defendants because Defendants conduct business in Texas, and in particular, in the Southern District of Texas, sufficient to constitute minimum contacts with the state and this district.

6.      Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

# III.
## PARTIES

7.      **Assad Ali Mirza**, Plaintiff, is a resident of Harris County, Texas.

8.      **Members of the "Plaintiff Class"** are current and former hourly employees of Defendants who work, or have worked, at one or more of Defendants' business establishments that collectively comprise an enterprise under the FLSA.

9.      Defendant, **Andalib Business, Inc.,** is a validly existing Texas corporation that

may be served with summons and complaint by serving its duly appointed registered agent, Gyanshor Shrestha, at his residence at 9207 Petersham Drive, Houston, Texas 77031, or at any other address where he may be found.

10.     Defendant, **Archana Business, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Gyanshor Shrestha, at his residence at 9207 Petersham Drive, Houston, Texas 77031, or at any other address where he may be found.

11.     Defendant, **Arpana Business, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Gyanshor Shrestha, at his residence at 9207 Petersham Drive, Houston, Texas 77031, or at any other address where he may be found.

12.     Defendant, **B & G Business, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Gyanshor Shrestha, at his residence at 9207 Petersham Drive, Houston, Texas 77031, or at any other address where he may be found.

13.     Defendant, **Circle G Business, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Gyanshor Shrestha, at his residence at 9207 Petersham Drive, Houston, Texas 77031, or at any other address where he may be found.

14.     Defendant, **Circleway Business, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Khawit N. Ali, at his residence at 627 Doscher Lane, Sugar Land, Texas 77479, or at any other address where he may be found.

15.     Defendant, **Davwa Properties, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Shiraz K. Davwa, at his residence at 7107 Morrow Court, Sugar Land, Texas 77479, or at any other address where he may be found.

16.     Defendant, **First Falcon Express, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Asif K. Davwa, at his residence at 702 Elmhurst Court, Sugar Land, Texas 77479, or at any other address where he may be found.

17.     Defendant, **First Briarforest Business, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Asif K. Davwa, at his residence at 702 Elmhurst Court, Sugar Land, Texas 77479, or at any other address where he may be found.

18.     Defendant, **First Hempstead Business, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Asif K. Davwa, at his residence at 702 Elmhurst Court, Sugar Land, Texas 77479, or at any other address where he may be found.

19.     Defendant, **Fishtail Enterprises, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed Vice President, Gyanshor Shrestha, at his residence at 9207 Petersham Drive, Houston, Texas 77031, or at any other address where he may be found.

20.     Defendant, **G & C Business, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Gyanshor Shrestha, at his residence at 9207 Petersham Drive, Houston, Texas 77031, or at any other address

where he may be found.

21.     Defendant, **Geo-Matrix Investments, LLC,** is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, Gyanshor Shrestha, at his residence at 9207 Petersham Drive, Houston, Texas 77031, or at any other address where he may be found.

22.     Defendant, **Muskan Enterprises, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Shiraz K. Davwa, at his residence at 7107 Morrow Court, Sugar Land, Texas 77479, or at any other address where he may be found.

23.     Defendant, **Rampart Investment, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Gyanshor Shrestha, at his residence at 9207 Petersham Drive, Houston, Texas 77031, or at any other address where he may be found.

24.     Defendant, **Shiraz Beverage, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Shiraz K. Davwa, at his residence at 7107 Morrow Court, Sugar Land, Texas 77479, or at any other address where he may be found.

25.     Defendant, **1464 Business, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Shiraz K. Davwa, at his residence at 7107 Morrow Court, Sugar Land, Texas 77479, or at any other address where he may be found.

26.     Defendant, **Gyanshor Shrestha,** is an individual who may be served with summons and complaint at his residence at 9207 Petersham Drive, Houston, Texas 77031, or at

any other address where he may be found. This Defendant, along with the other individual Defendants, jointly owns and operates an "enterprise" that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including the businesses owned by the named legal entity Defendants.

27.     Defendant, **Shiraz K. Davwa,** is an individual who may be served with summons and complaint at his residence at 7107 Morrow Court, Sugar Land, Texas 77479, or at any other address where he may be found. This Defendant, along with the other individual Defendants, jointly owns and operates an "enterprise" that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including the businesses owned by the named legal entity Defendants.

28.     Defendant, **Asif K. Davwa,** is an individual who may be served with summons and complaint at his residence at 702 Elmhurst Court, Sugar Land, Texas 77479, or at any other address where he may be found. This Defendant, along with the other individual Defendants, jointly owns and operates an "enterprise" that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including the businesses owned by the named legal entity Defendants.

29.     Defendant, **Khawit N. Ali,** is an individual who may be served with summons and complaint at his residence at 627 Doscher Lane, Sugar Land, Texas 77479, or at any other address where he may be found. This Defendant, along with the other individual Defendants, jointly owns and operates an "enterprise" that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including the businesses owned by the named legal entity Defendants.

30.     Whenever in this complaint it is alleged that the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

IV.
ALLEGATIONS OF EMPLOYMENT RELATIONSHIP, "ENTERPRISE" COVERAGE
AND "INDIVIDUAL" COVERAGE UNDER THE FLSA

31.     For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.  The three-year statute of limitations of the FLSA is appropriate because the Defendants willfully violated the FLSA, in that Defendants have shown reckless disregard in their failure to comply with the overtime provisions of the law.

32.     During the relevant period, Defendants have been Plaintiff's "employer" under 29 U.S.C. § 203(d), which the Supreme Court has referred to as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 CONG. REC. 7657).

33.     Further, in the context of the FLSA, the term 'employer' encompasses one or more joint employers, *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190 (5th Cir. 1983); *Hodgson v. Griffin & Brand of McAllen, Inc.,* 471 F.2d 235 (5th Cir. 1973), *cert. denied*, 414 U.S. 819 (1973), and is not be limited by formalistic labels or common law notions of employment relationships. *Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297 (5th Cir. 1975).  Defendants were Plaintiff's joint employer.

34.     Because the Defendants collectively acted, directly or indirectly, in the interest of the employer with respect to each employee in the Plaintiff Class, the Defendants collectively were the employer of members of the Plaintiff Class.

35.     At all material times, Plaintiff and all members of the Plaintiff Class have been "employees" of the Defendants within the meaning of 29 U.S.C. § 203(e).

36.     The Defendants were subject to the requirements of the FLSA because both "enterprise" and "individual" based coverage existed during the relevant period.

37.     Individual coverage existed because in dispensing his duties for the Defendants as a gas station / convenience store clerk, Plaintiff was engaged in interstate commerce. 29 U.S.C. § 207(a)(2)(C).  Plaintiff sold gasoline to customers and businesses' employees who were either travelling between states or had travelled to or from other states.  Additionally, Plaintiff sold many other items made out of state including tobacco, alcohol, food, magazines, and lottery tickets for multi-state lotteries.  Plaintiff also utilized interstate lines of communication relating to telephone and credit card processing, and verifying checks from out of state accounts.

38.     Enterprise coverage is triggered where an employer: 1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and 2) has at least $500,000 of "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A). Defendants' enterprise meets these requirements of 29 U.S.C. § 203(s)(1)(A).

39.     In the course of owning and operating gasoline stations / convenience stores, Defendants' employees regularly utilize the instrumentalities of interstate commerce (i.e., mail, telephone, credit cards, banks, etc.), and regularly handle materials that have been moved across

state lines (i.e., gasoline, food items, alcohol, cleaning supplies, mops, brooms, computers, towels, soap, cleaning chemicals, etc.).  Defendants are thus "engaged in commerce" and have worked on "goods or materials that have been moved in … commerce". *See, Reyes v. Rite-Way Janitorial Serv.*, No. H-15-0847, 2016 U.S. Dist. LEXIS 18172 (S.D. Tex. Feb. 16, 2016), quoting *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010).  Further, during his employment, Plaintiff assisted many out-of-state customers because he observed out-of-state addresses on customer ID's to whom he sold alcohol, and many out-of-state license plates of vehicles to whom he sold gasoline. *See, Hajiani v. Rose Servs.*, 2013 U.S. Dist. LEXIS 83783, *4-6, 20 Wage & Hour Cas. 2d (BNA) 1606, 2013 WL 2951062; *Khurana v. JMP USA, Inc.*, 2017 U.S. Dist. LEXIS 52063, *10-11, 2017 WL 1251102; *Brennan v. Ventimiglia*, 356 F. Supp. 281, 282-283, 1973 U.S. Dist. LEXIS 14138, *2-5.

40.     Additionally, during each of the past three years prior to the filing of this action, and continuing thereafter, the Defendants collectively had at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

41.     Defendants are an enterprise under 29 U.S.C. § 203(r)(1).  Defendants collectively are engaged in related activities that are performed under common control by the individual Defendants, for a common business purpose, irrespective of the fact that such related activities are performed by more than one corporate legal entity.

42.     Defendants are a joint employer for purposes of this collective action. 29 C.F.R. § 791.2(b).  In particular, as employers the Defendants are not completely disassociated with respect to the employment of members of the Plaintiff Class, and are thus deemed to share control of these employees, directly or indirectly, by reason of the fact that the Defendants are under common control with each other. 29 C.F.R. § 791.2(b)(3).

43.     The Defendants are an integrated enterprise. "Superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer. Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

44.     The individual Defendants – Gyanshor Shrestha, Shiraz K. Davwa, Asif K. Davwa and Khawit N. Ali – jointly own and operate the named legal entity Defendants, and they possess the authority to set pay and overtime policies that are shared by all legal entity Defendants.

45.     The individual Defendants are the owners, directors, and officers of the legal entity Defendants.[1]  As such, these legal entity Defendants are under common control.

46.     Additionally, employees of Defendants are routinely interchanged. As an example, one employee worked for three different legal entities during his employment with the Defendants – Circle G. Business, Inc., First Hempstead Business, Inc., and Circleway Business, Inc.  Also, the Defendants paid this employee's wages from legal entities without regard to which Defendant he worked for at the time.

V.
COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiff Mirza seeks conditional certification of this case as a collective action under 29 U.S.C. § 216(b). *See*, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995).

48.     Plaintiff seeks notice to issue to all employees of the Defendants who together were victims of Defendants widespread and identical violations of the FLSA.

---

[1] See attached, Exhibit – A.

49.     The individual Defendants set a uniform policy and practice across their organization that violates the FLSA because it allows the Defendants not to pay its employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. § 207(a)(1).

50.     By failing to document the entire pay owed to members of the Plaintiff Class, the Defendants also committed repeated violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. § 211(c); 29 C.F.R. § 516. 29; and C.F.R. § 516.27.

51.     The individual Defendants – Gyanshor Shrestha, Shiraz K. Davwa, Asif K. Davwa and Khawit N. Ali – jointly own and operate the named legal entity Defendants, and they set this pay policy that is shared by all legal entity Defendants.

52.     The illegal policy is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc*., 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

53.     Members of the Plaintiff Class together have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA. As such, other similarly situated employees were denied their lawful wages; Plaintiff's experiences are typical of the experiences of members of the Plaintiff Class as it pertains to unpaid overtime; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

54.     Further, although the amount of damages may vary among individual members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

55.     All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendants have denied overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to Plaintiff, and are thus appropriate members of the Plaintiff Class.

56.     All current and former non-exempt employees employed by Defendants' business establishments, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

57.     The class that Plaintiff seeks to represent is comprised of <u>all current and former employees 1) who worked at any business establishment located in Texas that was owned, operated and/or acquired during the class period by any Defendant, and 2) who the Defendants failed to compensate at his or her proper hourly overtime rate</u>.

58.     Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

VI.
FACTS

59.     Defendants employed Mr. Mirza from April 1, 2014, until September 21, 2017, as a store clerk at a business establishment operating under the assumed name "Border Stop", located at 3650 W. 11th Street, Houston, Texas 77008.

60.     Border Stop is jointly owned / operated by the individual Defendants by virtue of their joint ownership in Defendant First Hempstead Business, Inc.

61.     During his employment, Mr. Mirza worked an average of 85 to 90 hours a week.

62.     Mr. Mirza received a fixed sum of $750.00 a week for these hours worked.

63.     Plaintiff received no overtime wages during any workweek, and he now sues for these unpaid overtime wages.

VII.
CAUSES OF ACTION

Failure to pay overtime wages in violation of the FLSA to
Plaintiff and members of the Plaintiff Class

64.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

65.     Plaintiff and all others similarly situated are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

66.     During his employment, Mr. Mirza worked 85 to 90 hours a week.

67.     Defendants did not pay Plaintiff overtime compensation for the weekly hours worked in excess of 40, for which he now sues.

68.     Because the Defendants have a wide-spread policy and practice of not paying their employees' overtime wages, Defendants violated 29 U.S.C. § 201, *et seq*.

69.     Defendants' violations of the FLSA were willful, thereby allowing a three-year statute of limitations period.

70.     As such, Plaintiff and members of the Plaintiff Class sue for their unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until time of jury verdict and judgment.

71.     Plaintiff and members of the Plaintiff Class seek an amount of back-pay equaling the total unpaid overtime wages earned from the date they commenced employment for the Defendants until the date of jury verdict and judgment (or last day of employment, if earlier).

72.     Plaintiff and members of the Plaintiff Class further also an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as allowed under 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

73.     Defendants do not possess contemporaneous, complete and accurate records of the number of hours Plaintiff and members of the Plaintiff Class worked.

74.     Similarly, Defendants do not possess contemporaneous, complete and accurate records of the wages Plaintiff and members of the Plaintiff Class earned.

75.     If Defendants possess such time and pay records, Plaintiff and members of the Plaintiff Class will suffer irreparable harm if Defendants are not enjoined from this moment and during the pendency of this lawsuit from destroying any such records that are in any way related to the matters asserted herein, including any correspondence between Defendant, Plaintiff, and / or members of the Plaintiff Class, and any records required to be maintained by the FLSA and the federal regulations thereunder promulgated.

76.     There is substantial likelihood that Plaintiff and members of the Plaintiff Class will prevail at the trial of this matter.

77.     The harm that will result is irreparable because Plaintiff and members of the Plaintiff Class will not be able to replicate the destroyed evidence.

78.     Plaintiff and members of the Plaintiff Class will not have any adequate remedy at law if the Defendants destroy records pertaining to their employment, and thus they seek the Court to place Defendants on notice regarding the spoliation of all such evidence.

VIII.
ATTORNEYS' FEES AND COSTS

79.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

80. Pursuant to 29 U.S.C. § 216(b), Plaintiff and members of the Plaintiff Class seek to recover their attorneys' fees and costs for prosecuting this action.

IX.
JURY DEMAND

81. Plaintiff and members of the Plaintiff Class demand a jury trial on all issues that may be tried to a jury.

X.
PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Assad Ali Mirza respectfully requests that upon final hearing, the Honorable Court grant Mr. Mirza and members of the Plaintiff Class, relief against the Defendants, as follows:

a. Authorize the issuance of notice to all of Defendants' similarly situated employees who were employed during the relevant period, informing them of their right to participate in this lawsuit;

b. Declare the Defendants violated 29 U.S.C. § 207, by failing to pay Plaintiff, and members of the Plaintiff Class, overtime pay at one and one half times their regular hourly base rate for all hours in excess of 40 worked during each seven-day work period;

c. Declare the Defendants' violations of the FLSA are willful, thereby extending the statute of limitations to three years, and allowing liquidated damages;

d. Order Defendants to pay liquidated damages to Plaintiff, and to members of the Plaintiff Class, in an amount equal to the unpaid overtime wages;

e. Enter an injunction restraining Defendants from destroying any payroll or other relevant records;

f. Order Defendants to pay attorneys' fees and costs under 29 U.S.C. § 216(b);

g. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against Defendants; and,

h. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff and to members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By:     <u>/s/ *Salar Ali Ahmed*</u>
         **Salar Ali Ahmed**
         Federal Id. No. 32323
         State Bar No. 24000342
         One Arena Place
         7322 Southwest Frwy., Suite 1920
         Houston, Texas 77074
         Telephone: (713) 223-1300
         Facsimile: (713) 255-0013
         aahmedlaw@gmail.com

         **Attorney for Plaintiff**
         **Assad Ali Mirza**